UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| DANIEL G. PAYTON,<br>　　　Petitioner, | Case No. 1:19-cv-657 |
| | Barrett, J. |
| vs. | Litkovitz, M.J. |
| WARDEN, CHILLICOTHE<br>CORRECTIONAL INSTITUTION,<br>　　　Respondent. | **REPORT AND<br>RECOMMENDATION** |

　　　Petitioner, an inmate in state custody at the Chillicothe Correctional Institution, has filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. 3). This matter is before the Court on respondent's motion to dismiss (Doc. 10), to which petitioner has not responded. For the reasons stated below, the undersigned recommends that the petition be dismissed because it is time-barred pursuant to 28 U.S.C. § 2241(d)(1).

## I. PROCEDURAL HISTORY

### State Trial Proceedings

　　　On April 24, 2004, the Scioto County, Ohio, grand jury returned a two-count indictment charging petitioner with one count of aggravated murder and one count of rape. (Doc. 9, Ex. 1). The aggravated murder charge included two specifications.

　　　Petitioner, through counsel, initially entered a not-guilty plea. (Doc. 9, Ex. 2). Petitioner subsequently withdrew his original plea and pled guilty to both counts. (Doc. 9, Ex. 5). The plea agreement specified that "the State of Ohio will recommend that [the trial] Court dismiss the specification to Count 1—the capital specification—in violation of R.C. § 2929.04(A)(7)" if the trial court accepted his guilty plea. (*Id.*). The agreement further specified that the State and the defense would recommend a sentence of twenty years to life on Count One and a consecutive

sentence of nine years on Count Two. (*Id.*). The twenty-nine year sentence would be recommended to run consecutively to a thirty-years to life sentence imposed in a separate criminal action. On October 27, 2005, the trial court accepted petitioner's guilty plea and imposed the agreed total aggregate prison sentence of twenty-nine years to life in the Ohio Department of Corrections. (Doc. 9, Ex. 6, 7).

### Post-Conviction Motion

On November 9, 2016, more than eleven years later, petitioner filed a pro se motion to correct his sentence in the trial court. (Doc. 9, Ex. 8). Petitioner indicated that he was not challenging his convictions or guilty plea. (*Id.* at PageID 184). Petitioner argued that there was no agreed upon sentence and that the trial court failed to make necessary findings to impose consecutive sentences. (*Id.* at PageID 184–90). The trial court denied the motion on February 7, 2017. (Doc. 9, Ex. 9).

On March 27, 2017, petitioner filed a pro se notice of appeal and motion for leave to file a delayed appeal, which was granted by the Ohio Court of Appeals. (Doc. 9, Ex. 10, 11, 12). Petitioner set forth the following single assignment of error in his merit brief:

> The trial court erred and abused its discretion when it denied and overruled Defendant-Appellant's Verified Motion to Correct Sentence, without holding a hearing to obtain mitigating evidence and facts outside the record and on the record (i.e. omissions) to provide the Defendant-Appellant an opportunity to speak and present such without the influence of drugs and an attorney who coerced him into pleading guilty.
>
> Issue Presented for Review and Argument: What is proper and effective assistance of counsel in criminal proceedings that result in a life sentence, to be imposed consecutively with other sentences under a separate indictment and outside the county?
>
> Issue Presented for Review and Argument: When an accused is required to make

> serious and complex legal decision (sic) under the influence of psychotropic drugs and suffering from mild retardation, which causes him to not be able to comprehend most of what he reads, should not a guardian ad litem have been appointed to assist with the decision making. However, no testing was done to determine the defendant's mental capacity or his ability to comprehend the proceedings against him.

(Doc. 9, Ex. 13). On March 30, 2018, the Ohio appeals court affirmed the judgment of the trial court. (Doc. 9, Ex. 18).

Petitioner filed a pro se appeal to the Ohio Supreme Court on May 7, 2018. (Doc. 9, Ex. 19). In his memorandum in support of jurisdiction, petitioner raised the following three propositions of law:

> I. A Judgment Entry of Guilty, along with the subsequent sentence, obtained with Evidence collected in violation of Appellant's Fourth, Fifth, and Sixth Amendment Rights, including his Miranda rights, is Void on its face and must be Vacated, when such violations are used to coerce a guilty plea and agreed sentence.
>
> II. A trial court abuses its discretion when it denies a meritorious motion to correct sentence when the court fails to look beyond a suspect (sic) agreed sentence being attacked based on constitutional violation and statutory violation and hold an evidentiary hearing to provide the Defendant the ability to present additional evidence and testimony warranting a new trial which would have resulted in a different outcome.
>
> III. The need for effective assistance of counsel is paramount in cases where a defendant has a low IQ, under the influence of psychotropic drugs, and there are circumstances within the case that require a qualified professional assistance (sic) to prevent the abuses that played out in this case.

(Doc. 9, Ex. 20). On June 20, 2018, the Ohio Supreme Court declined to accept jurisdiction of the appeal. (Doc. 9, Ex. 22).

3

**Federal Habeas Corpus**

On August 1, 2019, petitioner commenced the instant federal habeas corpus action.[1] (*See* Doc. 3 at PageID 120). Petitioner raises the following three grounds for relief in the petition:

**GROUND ONE**: Miranda Warning Violation.

Supporting Facts: Petitioner was interrogated by a de facto agent for the government without being given Miranda Warnings.

**GROUND TWO**: Ineffective Assistance of Counsel.

Supporting Facts: Trial counsel provided no assistance, and as working with another attorney from the public defender's office to coerce their client into signing a plea agreement.

**GROUND THREE:** Due Process Violation.

Supporting Facts: Due to the circumstances in which the government obtained a confession, matters of fundamental fairness and manifest injustice arose.

(Doc. 3 at PageID 110–113).

Respondent has filed a motion to dismiss the petition. (Doc. 10). According to respondent petitioner's grounds for relief are time-barred, procedurally defaulted, and non-cognizable. As noted above, petitioner has not responded to the motion to dismiss.

## II. RESPONDENT'S MOTION SHOULD BE GRANTED.

Under 28 U.S.C. § 2244(d)(1), as amended by § 101 of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214, a person in custody

---

[1] The petition was filed with the Court on August 15, 2019. (*See* Doc. 1). Petitioner avers, however, that he placed the petition in the prison mailing system for delivery to the Court on August 1, 2019. (*See* Doc. 3 at PageID 120). Because under *Houston v. Lack,* 487 U.S. 266 (1988), the filing date of a federal habeas corpus petition submitted by a pro se prisoner is the date on which the prisoner provides his papers to prison authorities for mailing, *see In re Sims,* 111 F.3d 45, 47 (6th Cir. 1997), it is presumed that the petition was "filed" on August 1, 2019.

pursuant to the judgment of a state court must file an application for a writ of habeas corpus within one year from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). Under 28 U.S.C. § 2244(d)(2), the limitations period is tolled during the pendency of a properly filed application for state post-conviction relief or other collateral review.

There is no evidence in the record in this case to suggest that the provisions set forth in §§ 2244(d)(1)(B) through (D) apply to petitioner's grounds for relief. Petitioner has not alleged that a State created impediment prevented him from filing the instant petition or that his claims are governed by a newly recognized constitutional right made retroactively applicable to his case. Furthermore, petitioner's grounds for habeas relief are based on alleged errors that occurred during the trial court proceedings. Because petitioner was aware of the facts underlying his claims or the claims could have been discovered through the exercise of due diligence by the close of the direct review, his grounds for relief are governed by the one-year statute of limitations set forth in 28 U.S.C. § 2244(d)(1)(A), which began to run when petitioner's conviction became final "by the conclusion of direct review or the expiration for the time for

seeking such review."[2]

Under § 2244(d)(1)(A), petitioner's conviction became final on November 26, 2005, when the 30-day period expired for filing a timely appeal to the Ohio Court of Appeals from the trial court's October 27, 2005 sentencing. *See* Ohio R. App. P. 4(A). The statute commenced running on Monday, November 28, 2005, the next business day after petitioner's conviction became final, *see* Fed. R. Civ. P. 6(a); *Bronaugh v. Ohio,* 235 F.3d 280, 285 (6th Cir. 2000), and expired one year later on November 28, 2006, absent the application of statutory or equitable tolling principles.

During the one-year limitations period, petitioner was entitled to tolling of the statute under 28 U.S.C. § 2244(d)(2) based on any pending "properly filed" applications for state post-conviction relief or other collateral review. *See* 28 U.S.C. § 2244(d)(2); *see also Holland v. Florida,* 560 U.S. 631, 635 (2010); *Allen v. Siebert,* 552 U.S. 3, 4 (2007) (per curiam); *Vroman v. Brigano,* 346 F.3d 598, 602 (6th Cir. 2003). "The tolling provision does not, however, 'revive' the limitations period (i.e., restart the clock at zero); it can only serve to pause a clock

---

[2] As noted above, petitioner has not responded to the motion to dismiss or made any argument regarding the timeliness of his petition in this case. (*See* Doc. 3 at PageID 118–19). However, petitioner has stated that he did not file a direct appeal of his sentence because his attorney told him that he was not able to file an appeal of an agreed upon sentence. (*See id.* at PageID 114). To the extent that petitioner may contend that the limitations period should be extended under § 2244(d)(1)(D), the undersigned finds that petitioner was not diligent in remaining unaware of his appellate rights from his October 27, 2005 sentencing until filing his November 9, 2016 post-conviction motion. *See DiCenzi v. Rose,* 452 F.3d 465, 470 (6th Cir. 2006) (recognizing that where a criminal defendant is not advised or aware of his right to appeal, "the proper task . . . is to determine when a duly diligent person in petitioner's circumstances would have discovered [his right to an appeal]").

Furthermore, petitioner waited another 995 days, until August 1, 2019, to file his habeas petition after filing his post-conviction petition. To the extent that petitioner may contend that he diligently pursued his relief in the state courts after the November 9, 2016 post-conviction motion and is entitled to equitable tolling of the limitations period, his delay in pursuing federal habeas relief demonstrates a lack of diligence. *See Vroman v. Brigano,* 346 F.3d 598, 605 (6th Cir. 2003) (finding that the petitioner's decision to proceed solely in state court "rather than filing his federal habeas petition and protecting his federal constitutional rights, demonstrates a lack of diligence.").

that has not yet fully run." *Vroman,* 346 F.3d at 602 (quoting *Rashid v. Khulmann,* 991 F. Supp. 254, 259 (S.D.N.Y. 1998)).  Once the limitations period is expired, state collateral review proceedings can no longer serve to avoid the statute-of-limitations bar.  *Id.*

It is well-settled that a state application for post-conviction relief is "properly filed" within the meaning of § 2244(d)(2) "when its delivery and acceptance are in compliance with the applicable laws and rules governing filings," such as those prescribing the time limits for filing. *Artuz v. Bennett*, 531 U.S. 4, 8 (2000).  State post-conviction or collateral review applications rejected by the state courts on timeliness grounds are not "properly filed" and, therefore, are not subject to statutory tolling under § 2244(d)(2).  *See Allen,* 552 U.S. at 5-6; *see also Pace v. DiGuglielmo*, 544 U.S. 408, 413-14 (2005); *Vroman,* 346 F.3d at 603.

No statutory tolling applies under Section 2244(d)(2) to extend the limitations period in this case.  The statute of limitations had run for 3999 days, from November 28, 2005 until November 9, 2016, when petitioner filed his motion to correct his sentence.  (Doc. 9, Ex. 8). Because petitioner's motion was filed after the one-year statute of limitations had already expired, statutory tolling would not serve to extend the limitations period.  *Vroman,* 346 F.3d at 602.  Therefore, petitioner is not entitled to statutory tolling based on the untimely application. *See Allen,* 552 U.S. at 5-6; *see also Pace*, 544 U.S. at 413-14; *Vroman,* 346 F.3d at 603.

The AEDPA's statute of limitations is subject to equitable tolling, *see Holland*, 560 U.S. at 645, "when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond the litigant's control."  *Hall v. Warden, Lebanon Corr. Inst.,* 662 F.3d 745, 749 (6th Cir. 2011) (quoting *Robertson v. Simpson*, 624 F.3d 781, 783 (6th Cir. 2010)). Equitable tolling is granted "sparingly."  *Id.* (quoting *Robertson*, 624 F.3d at 784).  A habeas

petitioner is entitled to equitable tolling only if he establishes that (1) "he has been pursuing his rights diligently;" and (2) "some extraordinary circumstance stood in his way and prevented timely filing." *Id.* (quoting *Holland*, 560 U.S. at 649 (internal quotations omitted)); *see also Pace,* 544 U.S. at 418. Although the Sixth Circuit previously utilized a five-factor approach in determining whether a habeas petitioner is entitled to equitable tolling, *Holland*'s two-part test has replaced the five-factor inquiry as the "governing framework" to apply. *Hall*, 662 F.3d at 750 (citing *Robinson v. Easterling,* 424 F. App'x 439, 442 n.1 (6th Cir. 2011)). "With *Holland* now on the books, the 'extraordinary circumstances' test, which requires both reasonable diligence and an extraordinary circumstance, has become the law of this circuit." *Id.*; *see also Patterson v. Lafler,* 455 F. App'x 606, 609 n.1 (6th Cir. 2012).

Petitioner is not entitled to equitable tolling in this case. Petitioner has not argued, much less demonstrated, that he diligently pursued his rights or that an extraordinary circumstance prevented him from filing a timely habeas petition. As noted above, petitioner has not responded to the motion to dismiss and he does not include any argument as to the timeliness of his petition in this case. Petitioner has therefore failed to demonstrate that he was diligent in waiting from October 27, 2005 (the date he entered his guilty plea) until August 1, 2019 to file his habeas corpus petition or that an extraordinary circumstance prevented him from doing so. *Hall*, 662 F.3d at 749. Petitioner is therefore not entitled to equitable tolling.

Finally, petitioner has neither argued nor otherwise demonstrated that the procedural bar to review should be excused based on a colorable showing of actual innocence. "To invoke the miscarriage of justice exception to AEDPA's statute of limitations, . . . a petitioner 'must show that it is more likely than not that no reasonable juror would have convicted him in the light of . .

8

. new evidence.'" *McQuiggin v. Perkins*, 569 U.S. 383, 399 (2013) (quoting *Schlup v. Delo,* 513 U.S. 298, 327 (1995)). No such showing has been made in this case.

Accordingly, in sum, the undersigned concludes that the instant federal habeas corpus petition is barred from review by the one-year statute of limitations governing habeas corpus actions brought pursuant to 28 U.S.C. § 2254. Under the applicable provision set forth in 28 U.S.C. § 2244(d)(1)(A), petitioner's conviction and sentence became final on November 28, 2005 and expired on November 28, 2006. Statutory or equitable tolling principles do not apply to further extend the limitations period or otherwise avoid the statute-of-limitations bar to review in this case. Therefore, petitioner's habeas corpus petition, filed on August 1, 2019, more than twelve years after the expiration of the limitations period, is time-barred.

## IT IS THEREFORE RECOMMENDED THAT:

1. The motion to dismiss (Doc. 10) be **GRANTED** and the petition (Doc. 3) be **DISMISSED** with prejudice on the ground that the petition is time-barred under 28 U.S.C. § 2244(d)**.**

2. A certificate of appealability should not issue with respect to any of the claims for relief alleged in the petition, which this Court has concluded are barred from review on a procedural ground, because under the first prong of the applicable two-part standard enunciated in *Slack v. McDaniel,* 529 U.S. 473, 484-85 (2000), "jurists of reason" would not find it debatable whether the Court is correct in its procedural ruling.[3]

3. With respect to any application by petitioner to proceed on appeal *in forma pauperis,*

---

[3] Because the first prong of the *Slack* test has not been met, the Court need not address the second prong of *Slack* as to whether "jurists of reason" would find it debatable whether petitioner has stated a viable constitutional claim in his time-barred grounds for relief. *See Slack,* 529 U.S. at 484.

the Court should certify pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of any Order adopting this Report and Recommendation would not be taken in "good faith," and therefore **DENY** petitioner leave to appeal *in forma pauperis* upon a showing of financial necessity. *See* Fed. R. App. P. 24(a); *Kincade v. Sparkman,* 117 F.3d 949, 952 (6th Cir. 1997).

Date: June 16, 2020

Karen L. Litkovitz
United States Magistrate Judge

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

DANIEL G. PAYTON,  
    Petitioner,

vs.

WARDEN, CHILLICOTHE  
CORRECTIONAL INSTITUTION,  
    Respondent.

Case No. 1:19-cv-657

Barrett, J.  
Litkovitz, M.J.

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations.  This period may be extended further by the Court on timely motion for an extension.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).