UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

Daniel G. Payton,

    Petitioner,

        v.                                   Case No.   1:19cv657

Warden, Chillicothe Correctional
Institution,                              Judge Michael R. Barrett

    Respondent.

## ORDER

This matter is before the Court on the Report and Recommendation ("R&R") filed by the Magistrate Judge on June 17, 2020 (Doc. 11).

Proper notice has been given to the parties under 28 U.S.C. § 636(b)(1)(C), including notice that the parties would waive further appeal if they failed to file objections to the R&R in a timely manner. *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981). No objections to the Magistrate Judge's R&R (Doc. 11) have been filed.

Accordingly, it is **ORDERED** that the R&R (Doc. 11) of the Magistrate Judge is hereby **ADOPTED.** Consistent with the recommendation by the Magistrate Judge, respondent's Motion to Dismiss (Doc. 10) is **GRANTED** and the petition (Doc. 3) is **DISMISSED WITH PREJUDICE** on the ground that the petition is time-barred under 28 U.S.C. § 2244(d)**.**

A certificate of appealability will not issue with respect to any of the claims for relief alleged in the petition, which this Court has concluded are barred from review on a procedural ground, because under the first prong of the applicable two-part standard

1

enunciated in *Slack v. McDaniel,* 529 U.S. 473, 484-85 (2000), "jurists of reason" would not find it debatable whether the Court is correct in its procedural ruling.[1]

Lastly, with respect to any application by petitioner to proceed on appeal *in forma pauperis*, the Court **CERTIFIES**, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal of this Order would not be taken in "good faith" and, therefore, **DENIES** petitioner leave to appeal *in forma pauperis*. *See* Fed. R. App. P. 24(a); *Kincade v. Sparkman,* 117 F.3d 949, 952 (6th Cir. 1997).

**IT IS SO ORDERED.**

    /s/ *Michael R. Barrett*
Michael R. Barrett, Judge
United States District Court

---

[1] Because the first prong of the *Slack* test has not been met, the Court need not address the second prong of *Slack* as to whether "jurists of reason" would find it debatable whether petitioner has stated a viable constitutional claim in his time-barred grounds for relief. *See Slack,* 529 U.S. at 484.